UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MARCUS E. IVY                                                                  PLAINTIFF

v.                                           CIVIL ACTION NO. 4:16-CV-P92-JHM

ROBERT WATHEN *et al.*                                        DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**

This is a civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Marcus E. Ivy leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, Plaintiff's claims will be dismissed but the Court will give Plaintiff the opportunity to file an amended complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against the Henderson County Jail and the following three individuals in both their official and individual capacities: Henderson County Sheriff's Department (HCSD) Detective Robert Wathen, HCSD Deputy R. Lawrence, and Henderson County Probation Officer Carrie Phillips.

In his complaint, Plaintiff states as follows:

On May 18, 2016, I was at Sugar Creek Hotel in Henderson, Ky. with Curtis Hill and Miranda Justice. We had split room cost for they electric was shut off at there home, and I was handling things concerning my 14 year old kid. My truck was broke down so they allowed me to use theres while they were sleeping in the room. At 12:00 noon I left the hotel and returned at or around 1:45 p.m. I went into the room and they had just waken up and they told me they where going home to get clothes and come back and get shower and bring half of what the room cost, payment was due but the hotel said I could pay later in the day. I went to use the rest room. [I]t was about 5 minutes later I here room door open, and then screaming come out with your hands up. I got off the toilet and there where 3 people holding guns on me. They said I had warrant for probation violation.

> Carrie Phillips had a gun pointed in my nose yelling calling me niger and all kinds of names while Deputy Lawrence made statements like I pick you up by your nek and choke you. They all started going through bags and lockbox of the people staying with me, I didn't give permission or was never read my rights. In my friends lockbox, they took out a pipe that when I seen it was clear but later they said tested positive for crack cocaine, cocaine, and now heroin. It was not tested in front of me. I didn't find out what they claim was in it till I got charges at 9:00 p.m. that night. I was taken to hospital no drugs found was in my system. Jail had me on detox which caused me to stop breathing because I went days with no water. CPR was performed on me I went to hospital for two days. I got assaulted at the jail due to being in jail. Another inmate fractured bone in my eye and knocked me out I have had no x-rays or been seen by a doctor. I am having headaches and eye is still messed up. I now have found out that the warrant was issued at 2:45 p.m. I was already in jail at 2:10 plus I'm from Indiana, the day I was final sentenced I was transferred to Indiana where I'm from all these people have violated my rights I'm scared been in jail since May 18, 2016. I believe drugs where planted cop who wrote report was not even at scene. Help me Judge.

Plaintiff has attached his bench warrant and uniform citation from the date of his arrest to the complaint. As relief, Plaintiff seeks monetary damages and "release from illegal arrest." Plaintiff does not state what constitutional violations he is asserting in this § 1983 action.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Claims against Henderson County Jail and the Official-Capacity Claims

The Court will dismiss Plaintiff's claims against the Henderson County Jail because it is not an entity subject to suit under § 1983. *Matthews v. Jones,* F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the jail are actually against Henderson County as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). As to the official-capacity claims against Defendants Wathen, Lawrence, and Phillips, "[o]fficial-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against these individuals are also against Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

4

thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff has not claimed that any injury he suffered was the result of an official custom or policy of Henderson County. As such, the Court will dismiss the claims against the Henderson County Jail and the official-capacity claims against the individual Defendants for failure to state a claim upon which relief may be granted.

### B. State Criminal Prosecution Claims

Although Plaintiff does not specify what constitutional claims he is asserting in his complaint, construed liberally, the complaint asserts claims for illegal arrest, unconstitutional search and seizure, and the planting of evidence. Although Plaintiff does mention Defendant Wathen in his complaint, he seems to allege that Defendants Phillips and Lawrence went through certain belongings without his permission prior to his arrest. He does specifically allege who arrested him or planted evidence against him.

Nonetheless, these claims are essentially collateral attacks on an underlying state court criminal prosecution. If the criminal proceedings are on-going, this Court cannot address claims which will directly impact the course of those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is

5

the target of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If a state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id; see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

If Plaintiff's criminal case is still active, all three factors supporting absention are present. The claims asserted by Plaintiff against Defendants and potentially other unknown actors are clearly the subject of state court criminal matters, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The state criminal process, moreover, affords Plaintiff an adequate opportunity to raise his constitutional claims. *See, e.g.*, *Mosson v. Wayne Cty. Prosecutor's Office*, No. 13-13771, 2014 U.S. Dist. LEXIS 5771, at *5-6 (E.D. Mich. Jan. 14, 2014). In addition, Plaintiff has not alleged any unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

In addition, if Plaintiff's criminal case has concluded, he must allege that it was resolved in his favor. A prisoner may not raise claims in a civil rights action if a judgment on the merits

of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 U.S. App. LEXIS 9341, at *1 (6th Cir. May 5, 1998). Thus, if Plaintiff's claims for illegal arrest, unconstitutional search and seizure, or the planting of evidence were found to have merit, it would call into question the validity of Plaintiff's conviction. As such, Plaintiff must also allege that his conviction was declared invalid by either a Kentucky state court or a federal habeas corpus decision. There is no indication in the complaint that Plaintiff was acquitted, or otherwise had the charges against him resolved in his favor. Absent these allegations, Plaintiff cannot proceed on his claims for illegal arrest, unconstitutional search and seizure, and the planting of evidence.

For these reasons, Plaintiff's claims that seek to challenge his state-court charges and the individual-capacity claims against Defendants that relate to such will be dismissed without prejudice.

### C. Eighth Amendment/Fourteenth Amendment Claims[1]

In his complaint, Plaintiff also alleges Defendant Phillips and Lawrence verbally harassed him. He further states:

> Jail had me on detox which caused me to stop breathing because I went days with no water. CPR was performed on me I went to hospital for two days. I got assaulted at the jail due to being in jail. Another inmate fractured bone in my eye

---

[1] In his complaint, Plaintiff indicates that he is both a convicted prisoner and a pretrial detainee. "[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause" while convicted inmates are protected by the Eighth Amendment's Cruel and Unusual Punishments Clause. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment, and the same analysis applies to both. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

and knocked me out I have had no x-rays or been seen by a doctor. I am having headaches and eye is still messed up.

The Court will review these allegations under the appropriate Eighth Amendment/Fourteenth Amendment standard.

### 1. Verbal Abuse

The Court will dismiss Plaintiff's claims against Defendants Phillips and Lawrence in their individual capacities for verbal abuse for failure to state a claim upon which relief may be granted. This is because the Sixth Circuit has held that allegations of threats or verbal abuse, without more, are not cognizable under §1983. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

### 2. Deliberate Indifference to a Serious Medical Need

To satisfy the objective component of this type of claim, Plaintiff must show the existence of a sufficiently serious medical need. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). The subjective component of the Eighth Amendment standard is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is

sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

Here, the Court finds that Plaintiff's allegations may establish that he suffered from serious medical needs. However, Plaintiff has failed to identify the individual jail officials who allegedly knew about these serious medical needs and failed to provide him treatment for such. The Court, however, will allow Plaintiff to amend his complaint to add these details if he is able. *See LaFountain v. Harry,* 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

### 3. Deliberate Indifference to Safety

Liberally construed, Plaintiff's allegation that he was assaulted by another inmate and that this assault rendered him unconscious and resulted in a fractured "bone in his eye" could be read as setting forth a "failure to protect" claim. This type of claim is analyzed under the Eighth Amendment deliberate indifference to safety standard.

Deliberate indifference to an inmate's safety is demonstrated if the defendant "knows of and disregards an excessive risk to inmate health or safety," which requires that the defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825 at 837. Plaintiff must show that the mistreatment was objectively serious, and that the defendant subjectively ignored the risk to his safety. *Id.* at 834.

Here, Plaintiff's allegations regarding his assault by another inmate appear objectively serious, but Plaintiff has failed to allege that a specific jail official was aware of a substantial risk

9

of harm to Plaintiff by another inmate and then ignored that risk. However, as above, the Court will allow Plaintiff to amend his complaint to add these details if he is able.

### D. Injunctive Relief

Finally, Plaintiff notes that Plaintiff seeks "release from illegal arrest." Where, as here, "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[2] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, because Plaintiff is seeking immediate release from detention, his 42 U.S.C. § 1983 claim for injunctive relief cannot lie.

### IV. ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS**:

(1) Plaintiff's claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2) Plaintiff's claims challenging his state-court charges are **DISMISSED without prejudice** under the *Younger v. Harris* abstention doctrine.

(3) Because no claims against the Henderson County Jail, Robert Wathen, R. Lawrence, or Carrie Phillips remain, the Clerk of Court is **DIRECTED** to terminate them as parties to this action.

**(4) Within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he 1) identifies and names as Defendants in their individual capacities the jail official(s) who allegedly knew about his serious**

---

[2] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . ,' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.").

**medical needs and knowingly failed to provide him with treatment for such and/or 2) identifies and names as Defendants in their individual capacities the jail official(s) who were aware of a substantial risk of harm to Plaintiff by another inmate and then ignored that risk.**

**(5) Plaintiff should also submit a completed summons form for each newly named Defendant within the same 30-day period.**[3]

(6) The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, the Court will dismiss Plaintiff's action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**(7)** The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" affixed thereto so that Plaintiff can include the additional Defendants and allegations set forth above. The Clerk of Court also **is DIRECTED** to send Plaintiff four blank summons forms.

Date: November 28, 2016

                                                      Joseph H. McKinley, Jr., Chief Judge
                                                      United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Henderson County Attorney
4414.011

---

[3] The Court offers the following guidance to Plaintiff in his completion of the summons forms: (1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

11