UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MARCUS E. IVY                                                                                PLAINTIFF

v.                                         CIVIL ACTION NO. 4:16-CV-P92-JHM

ROBERT WATHEN *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION**

         Plaintiff Marcus E. Ivy initiated this *pro se* prisoner civil action under 42 U.S.C. § 1983. Upon filing the instant action, he assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

         The Clerk of Court sent a mailing to Plaintiff on November 29, 2016 (DN 9). The mailing was returned by the United States Postal Service marked "Return to Sender - Attempted - Not Known - Unable to Forward" (DN 10). Plaintiff apparently is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff.

         Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of his current address, the Court concludes that this case must be dismissed for lack of prosecution. The Court will dismiss the action by separate Order.

Date: January 18, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4414.011